IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 13-30070 |
| MICHAEL OWSLEY, | ) ) ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Michael Owsley's pro se request for early termination of his supervised release (d/e 30) is DENIED.

## I. BACKGROUND

In September 2013, the grand jury returned an Indictment charging Defendant with conspiracy to distribute methamphetamine and marijuana (Count 1), possession with intent to distribute methamphetamine (Count 2), and possession with intent to distribute marijuana (Count 3). In April 2014, Defendant pleaded guilty to Count 1 pursuant to a written plea agreement.

The Probation Office prepared a Presentence Investigation Report (PSR). The PSR contains the details of the offense conduct.

In the PSR, Defendant was held accountable for 15.531 kilograms of marijuana and 40.51 grams of methamphetamine. The Probation Office calculated Defendant's advisory guideline range as 30 to 37 months' imprisonment.

In September 2014, this Court sentenced Defendant to 24 months' imprisonment and three years of supervised release. Defendant's conditions of supervised release included the conditions that he refrain from any use of alcohol and shall not possess or use any controlled substance.

Defendant began his term of supervised release on February 19, 2016. On July 27, 2017, Defendant received a reprimand from the Probation Office. The reprimand indicates that, on July 11, 2017, Defendant unlawfully possessed cocaine. Specifically, Defendant submitted a urine specimen on that date that tested positive for cocaine.[1] During an office visit on July 27, 2017, Defendant reported that, on July 11, 2017, he consumed alcohol

---

[1] The reprimand actually states that the specimen tested positive for marijuana, but the Court has confirmed with the Probation Office that this is a typographical error and should read "cocaine."

and has consumed alcohol on a "handful of times" since February 2017.

On March 21, 2018, Defendant sent a letter to the Court requesting early termination of his term of supervised release. See d/e 30. Defendant asserts that he has completed two years of supervised release. During those two years, he completed six months of college. He works as a wholesale fish dealer and is attempting to create innovative ways to harvest and process Asian carp. He works with Illinois Department of Natural Resources Kevin Irons, the carp specialist for the State of Illinois. He presented Senator Jill Tracy with a bill to help solve "this ecological problem in our River systems." He is working with Maine and Canada on using Asian carp as lobster bait. Defendant asserts that being on supervised release prevents him from his "full potential" because he sometimes needs to "travel on the drop of a dime" but cannot because of the Probation Office's approval process.

Defendant also reports that he is still attending the Crossing Church and doing his best to help struggling addicts. He notes his one lapse in judgment while on supervised release and takes responsibility for his poor choice.

After receiving Defendant's letter, the Court directed the Probation Office and/or the Government to file a response. The Government filed a response opposing Defendant's request. See d/e 31. The Government recognizes that Defendant has done well in many respects while on supervised release. The Government notes, however, that Defendant violated the terms of supervised release this past year in a fashion directly tied to his conviction. In addition, the Government notes that Defendant failed to offer any specific instances when his supervised release impaired him from work-related travel.

The Court also contacted Defendant's probation officer, Michelle Cyrus. Ms. Cyrus stated that she does not recommend early termination because of Defendant's cocaine use in July 2017 and that she has communicated her position to Defendant.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the court finds that "such action is warranted by the

conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553 (a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553 (a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553 (a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553 (a)(4), (a)(5));
- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553 (a)(6)); and

- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553 (a)(7)).[2]

The defendant bears the burden of demonstrating that early termination is warranted. United States v. Coney, No. 08-CR-324, 2013 WL 5701081, at *1 (E.D. Wis. Oct. 18, 2013). While Federal Rule of Criminal Procedure 32.1(c) mandates a hearing before the Court modifies the conditions of supervised release, a hearing is not required before denying a request for modification. See United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003); see also United States v. Reagan, 162 F. App'x 912, 913 (11th Cir. 2006) (no hearing was required before district court denied a request for early termination of supervised release).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. United States v. Lowe, 632 F.3d 996, 997 (7th Cir. 2011). Nonetheless, the district judge must give some indication that she considered the relevant statutory factors. Id. at 998. The Court need not make

---

[2] The Court does not consider 18 U.S.C. § 3553(a)(2)(A), the need for the sentence to reflect the seriousness of the offense, promote respect for the law, or provide just punishment.

explicit findings on each of the relevant factors, but the record must reveal the Court gave consideration to the § 3553(a) factors. Id. (reversing the denial of a motion for early termination of supervised release where the district court did not consider the proper statutory factors and the Government and probation office did not object to the motion).

### III. ANALYSIS

In this case, Defendant meets the initial requirement – he has been on supervised release for at least one year. Therefore, the Court must determine whether Defendant's conduct and the interests of justice warrant termination. This determination requires an examination of the relevant § 3553 factors identified in 18 U.S.C. § 3583(e).

The Court finds, after consideration of the relevant § 3553(a) factors, that early termination is not warranted. Defendant was convicted of conspiracy to distribute methamphetamine and marijuana. During his term of supervised release, Defendant admittedly used cocaine once and alcohol several times. While Defendant has been compliant with all other conditions of supervised release and is gainfully employed, his violation in July

2017 demonstrates that terminating supervision early would not be in the interest of justice.

In addition, even if Defendant had fully complied with all of the conditions of supervised release, many courts require that a defendant show that he has done more than comply with the conditions of supervised release. See United States v. O'Hara, No. 00-CR-179, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (noting that, otherwise, every defendant who avoided revocation would be eligible for early termination); United States v. Laine, 404 F. App'x 571, 573-74 (3rd Cir. 2010) (generally requiring exceptional or extraordinary reason for early termination of supervised release; compliance with the conditions of supervised release is not exceptional or extraordinary). These courts generally grant early termination if the defendant can show an exceptional or extraordinary reason for early termination, such as new or unforeseen circumstances that make the original term greater than necessary, exceptionally good behavior, or that continued supervision may impede rehabilitation. Coney, 2013 WL 5701081, at *1. Defendant has made none of those showings here.

**IT IS THEREFORE ORDERED** that Defendant's request for early termination of his supervised release (d/e 30) is DENIED. The Clerk is DIRECTED to file a copy of the reprimand under seal.

**ENTERED: April 10, 2018**

**FOR THE COURT:**

                              <u>s/Sue E. Myerscough</u>
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**